UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GALLUP & WHALEN SANTA MARIA, et al.,<br><br>    Defendants. | Case No. 17-cv-01191-SI<br><br>**ORDER:**<br>**--GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO ADA CLAIM;**<br>**--DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT ON UNRUH ACT CLAIM;**<br>**--DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE; AND**<br>**--DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 31, 40, 42 |

On May 11, 2018, the Court heard argument on defendants' motion for summary judgment, plaintiff's motion for partial summary judgment, and plaintiff's motion for leave to file a first amended complaint. Dkt. Nos. 31, 40, 42. Having considered the arguments made, the papers submitted, and for good cause shown, the Court GRANTS IN PART defendants' motion for summary judgment on the ADA claim, DENIES the parties' cross-motions for summary judgment on the Unruh Act claim, and DENIES plaintiff's motion to file a first amended complaint. The Court DISMISSES plaintiff's Unruh Act claim without prejudice.

**BACKGROUND**

Plaintiff Scott Johnson filed this action on March 8, 2017, against defendants Gallup & Whalen Santa Maria, Gary Gallup, and Boston Market Corporation for violations of the Americans with Disabilities Act of 1990 ("ADA," 42 U.S.C. § 12101, *et seq*.) and the California

Unruh Civil Rights Act ("Unruh Act," Cal. Civ. Code § 51, *et seq*.).[1] Dkt. No. 1 (Compl.). Plaintiff seeks damages and injunctive relief arising from two accessibility barriers that he alleges he encountered during visits to defendants' Boston Market restaurant ("the Restaurant") located at 2180 Contra Costa Blvd., Pleasant Hill, California.

Plaintiff is quadriplegic and uses a wheelchair for mobility. Dkt. No. 39-3 (Johnson Decl.) ¶ 2. Plaintiff also has significant manual dexterity impairments. *Id.* Plaintiff alleges that during several visits to the Restaurant in 2015 and 2016 he encountered the following barriers: (1) "the outdoor dining tables were fixed and did not provide the necessary space for a person in a wheelchair" and (2) "the entrance door hardware at the Restaurant had a panel-style handle that required tight grasping to operate which I have difficulty using because of my manual dexterity impairments." *Id.* ¶¶ 7-9. Plaintiff states that he went to the Restaurant to eat and made purchases there in April and May 2016. *Id.* ¶¶ 4-5. He also states that he "returned to the Restaurant on several occasions on March 31, 2015, June 17, 2015 and December 2, 2015, but because of my knowledge of the barriers at the Restaurant, I was deterred from even attempting to patronize it." *Id.* ¶ 12. Plaintiff alleged in his complaint that there were other violations and barriers on the site and that he would "amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection." Compl. ¶ 46.

During the pendency of this lawsuit, defendants made modifications to the Restaurant and replaced the door handles to the entrance with ADA-compliant handles and removed the outdoor dining tables. Dkt. No. 31-2 ¶¶ 3-5 (Casper Decl.); *see also* Dkt. No. 39 (Pl.'s Opp'n) at 1; Dkt. No. 40 (Pl.'s Mot. Summ. J) at 8, 10.

On November 21, 2017, plaintiff notified the Court that mediation efforts were unsuccessful and requested the Court set a case management conference. Dkt. No. 21. At the December 22, 2017 case management conference, the Court set a trial date of July 9, 2018. Dkt. No. 27 (Pretrial Order). The Court also "advised plaintiff that [if] any motion for leave to file an amended complaint is filed, it must be done quickly as to not affect the trial date." *Id.*

---

[1] Defendants state that plaintiff erroneously sued Gallup Courtyard, LLC, as Gary Gallup.

2

On March 16, 2018, defendants moved for summary judgment on both of plaintiff's claims. Dkt. No. 31 (Def.'s Mot. Summ. J.). On April 2, 2018, plaintiff filed a cross-motion for partial summary judgment on his claim under the Unruh Act. Pl.'s Mot. Summ. J.[2] On April 4, 2018, plaintiff filed a motion seeking leave to file a first amended complaint in order to allege additional architectural barriers that plaintiff's expert discovered during a site visit conducted in March 2018. Dkt. No. 42 (Pl.'s Mot. to File FAC). The Court now considers these motions together.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light

---

[2] On April 23, 2018, plaintiff filed a second motion for partial summary judgment. Dkt. No. 47. The motion was identical to the one that plaintiff filed on April 2. Plaintiff subsequently filed a notice to withdraw the second motion, citing clerical error. Dkt. No. 49.

3

most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

**DISCUSSION**

**I. Cross-Motions for Summary Judgment**

Defendants move for summary judgment on both of plaintiff's claims. Defendants argue that because they have corrected the barriers identified in the complaint, plaintiff's claim under the ADA is now moot. Defendants also argue that plaintiff lacks standing to assert a claim under the Unruh Act. In the alternative, if the Court dismisses plaintiff's ADA claim, defendants urge that the Court decline to exercise supplemental jurisdiction over the Unruh Act claim.[3] Plaintiff counters that defendants' voluntary removal of the barriers does not moot the case and cross-moves for partial summary judgment on his Unruh Act claim, seeking judgment in the amount of $8,000.

**A. ADA Claim**

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (citation omitted). "The burden of demonstrating mootness 'is a heavy one.'" *Id.* (citation omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (citation omitted).

---

[3] Defendants additionally argue that a claim under California Health and Safety Code § 19953 is moot; however, plaintiff has not brought any claims under that statute.

4

"[T]he standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.") (citation omitted). In the ADA context, the Ninth Circuit has held that, "because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

Plaintiff does not dispute that defendants have removed the two barriers identified in the complaint. *See* Pl.'s Opp'n at 1; Pl.'s Mot. Summ. J. at 8, 10.[4] However, plaintiff argues that this does not moot the case because "the fixes do not involve structural engineering, nor are they permanent" and therefore the ADA violations could reasonably recur in the future. Pl.'s Opp'n at 5-6. Plaintiff concedes that "[t]here are a number of ADA violations that are structural in nature and their removal means that the violation cannot reasonably recur" but argues that the violations at issue here are not of such nature. *Id.* at 5.

In support, plaintiff cites the following examples of ADA violations where removal of the barrier would moot the ADA claim: replacing an unramped step with a permanent ramp, leveling a parking stall and access aisle to ensure they were not sloped, and installing a handicap accessible sink. *Id.* at 5-6. Plaintiff contrasts this with ADA violations whose correction would not moot a case: ceasing to place a dumpster in an accessible parking stall or repainting the lines on disabled-

---

[4] Defendants filed a statement of uncontroverted facts that includes the following: "The barriers alleged in the complaint are not present at the property. The panel handles have been replaced and outdoor seating is no offered [sic] at the Restaurant." Dkt. No. 31-1 at 2. In response, plaintiff objected, "vague and ambiguous as to 'no offered.' Unintelligible." Dkt. No. 39-1 at 2. Plaintiff did not dispute that the barriers identified in the complaint are no longer present at the Restaurant.

reserved parking spaces. *Id.* at 6-8.

The Court finds that the two violations at issue here are more like the structural changes that plaintiff has conceded would moot an ADA claim if removed. The other violations to which plaintiff analogizes would require continual maintenance or ongoing compliance with a policy change in order for the violation not to recur. In *Langer v. Kaimana LLC*, for instance, the defendants had a practice of placing a dumpster and store merchandise in the access aisle next to the accessible parking stall. *Langer v. Kaimana LLC*, No. CV 16-7452-DMG, 2016 WL 7029151, at *1 (C.D. Cal. Dec. 1, 2016). The defendants argued the case was moot because they had since implemented policies to keep the access aisle open. Noting that it had before it no evidence other than a declaration to ensure the defendants would actually follow through with the new policy, the district court found that the defendants' conduct had not mooted the ADA claim. The court stated, "Unlike ADA cases involving post-lawsuit structural alterations, which would require defendants to make physical alterations to a non-ADA compliant property, the policy at issue here simply requires Defendants' inaction." *Id.* at *2 (citations omitted). Another district court found similarly in a case where the defendants repainted the lines on handicapped parking spaces and instituted a policy of continually repainting them every two months going forward. *See Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967, 970 & n.2 (S.D. Cal. 2015). The court refused to find the ADA claim moot, explaining, "there is no guarantee that Defendants won't just fail to follow through with their new policy of vigilantly inspecting the accessible parking spaces[,]" as contrasted with "cases where defendants would have to undo structural alterations to violate the ADA . . . ." *Id.* at 971; *see also Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831 (N.D. Cal. 2011) (refusing to find case moot where the defendant "is not currently following its own access policies, and has a history of not doing so; [where the] policies are vague and contradictory; and [where the defendant] could rescind the policies at any time").

Here, the two violations that plaintiff identified in the complaint are structural in nature and have since been removed. In order for these violations to recur, defendants would need to take affirmative steps to install non-ADA compliant hardware on the front door and non-ADA compliant outdoor seating. This is not a case in which a violation could reasonably recur simply

6

due to defendants' lapse or their failure to comply with an internal policy. Plaintiff takes issue with the fact that defendants removed their outdoor seating altogether, rather than affirmatively replacing it with seating that is accessible. However, the question "is whether there is a present controversy as to which effective relief can be granted." *Gordon*, 849 F.2d at 1244. There can be no effective relief here, where defendants have already removed the architectural barriers that plaintiff identified in the complaint.

The parties agree on the material facts. Defendants have removed the two barriers identified in the complaint. For the reasons stated above, the Court finds that the ADA violations are not likely to recur and that plaintiff's ADA claim is therefore moot. The Court GRANTS defendants' motion for summary judgment on the ADA claim.

### B. Unruh Act Claim

Defendants argue that plaintiff has failed to establish standing under the Unruh Act and that the Court should dismiss this claim accordingly. In the alternative, if the Court finds the ADA claim is moot, defendants ask that the Court decline to exercise supplemental jurisdiction over the remaining state law claim. Plaintiff, in moving for partial summary judgment, seeks a ruling that defendants violated his rights under the Unruh Act and asks for an award of two statutory penalties totaling $8,000 "for his two personal encounters with the barriers." Pl.'s Mot. Summ. J. at 1, 14. Plaintiff's motion focuses largely on whether there was a violation of the ADA, and therefore a violation of the Unruh Act, without addressing whether plaintiff has standing to pursue his Unruh Act claim. Plaintiff urges that even if the Court dismisses the ADA claim it should exercise its discretion and maintain supplemental jurisdiction over the claim brought under the Unruh Act.

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). A district court's decision to decline supplemental jurisdiction under Section 1367(c) is discretionary. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep,

them under the conditions set out in § 1367(c)"). Dismissal is favored if only state claims remain. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims") (citation omitted). The court should take into account "conservation of judicial energy and the avoidance of multiplicity of litigation[.]" *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

Here, having dismissed the ADA claim as moot, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the remaining state law claim. This is not a case in which "the court and the litigants ha[ve] expended considerable time on [the state claims] before the [federal claim] was dismissed." *See Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227-28 (9th Cir. 1976). There was no motion practice in this case until the filing of the present motions. The parties did not appear before this Court until a December 2017 case management conference. Moreover, the work conducted in this case applies equally to the federal ADA claim as to the state claim; this is not a case in which dismissing the state claim wastes the resources that the parties have expended on that claim. Nor is the Court persuaded that the fees plaintiff would face in re-filing his case in state court (which the plaintiff identifies as a "$435 filing fee plus the $1,000 high frequency litigant fee") dictate a different result. *See* Pl.'s Mot. Summ. J. at 1. Such a factor is not a reason for this Court to retain jurisdiction over a claim where jurisdiction is otherwise lacking.[5]

---

[5] If the Court were to maintain jurisdiction over the Unruh Act claim, it is unlikely the claim could be resolved on summary judgment. The Ninth Circuit has "explained that a disabled person suffers an injury in fact when he 'encounter[s] a barrier' at a place of public accommodation 'that deprives him of full and equal enjoyment of the facility due to his particular disability." *Oliver*, 654 F.3d at 907 (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011)). Additionally, California law allows plaintiffs to recover statutory damages under the Unruh Act "in a construction-related accessibility claim . . . only if a violation . . . denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Id.* § 55.56(b). For these reasons, whether plaintiff visited the Restaurant, and whether he personally encountered a

8

Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining Unruh Act claim. *See Oliver*, 654 F.3d at 911 (finding that district court did not abuse its discretion in dismissing Unruh Act claim without prejudice after the district court granted summary judgment in the defendants' favor on the ADA claim). The Court DENIES the parties' cross-motions for partial summary judgment on this claim and DISMISSES plaintiff's Unruh Act claim without prejudice.

## II. Plaintiff's Motion for Leave to File a First Amended Complaint

Plaintiff seeks leave to amend his complaint in order to include roughly forty additional violations identified by his expert during a March 2018 site inspection. Plaintiff's expert visited the Restaurant for a site inspection on March 6, 2018. Pl.'s Mot. to File FAC at 1. On March 15, 2018, plaintiff's expert issued the written site inspection report. *Id.* On March 30, 2018, plaintiff's counsel contacted defense counsel to ask if defendants would stipulate to the filing of an amended complaint; defendants rejected the request on April 2. *Id.* at 1-2. Plaintiff filed the present motion on April 4, 2018, with a hearing date of May 11, 2018.

Defendants oppose, arguing that plaintiff's motion is untimely, futile, and filed in bad faith. Defendants state that plaintiffs inspected the Restaurant's property a total of three times in 2016 and 2017 and thus knew of the additional barriers far sooner than March 2018. Dkt. No. 46

---

violation or was deterred from accessing the Restaurant, are material questions to the Unruh Act claim.

The evidence now before the Court shows that issues of material fact remain. For instance, plaintiff's chronology of events is suspect. It defies logic that plaintiff would dine at the Restaurant twice during a two-week period in 2016 and then "return" to the Restaurant in 2015, or that he was "deterred" from dining at the Restaurant in 2015 because of his knowledge of the barriers and yet dined there twice in 2016. *See* Johnson Decl. ¶¶ 4-12. Yet this is what plaintiff's declaration states. Plaintiff's declaration raises questions about his credibility and about his ability to prove that he has standing to pursue his Unruh Act claim. The Court also questions whether plaintiff was visiting the Restaurant solely for litigation-related purposes, which may preclude an award of damages. *See Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05cv01660 BTM, 2012 WL 12845619 (S.D. Cal. Mar. 21, 2012) (awarding damages under Cal. Civ. Code § 54.3 for each "bona fide" visit to the restaurant but denying damages for visits conducted for the purpose of gathering evidence for litigation). These are all factual questions inappropriate for resolution on summary judgment.

at 2-3. Defendants also argue they would be prejudiced by the filing of an amended complaint because discovery has closed and experts have already been designated. Finally, defendants argue that similar strategies have been deemed to be in bad faith. *Id.* at 3 (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011)). Plaintiff did not file a reply brief in support of his motion.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). Courts are instructed to allow amendments with "extreme liberty." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1989). "The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Forsyth v. Humana, Inc.*, 99 F.3d 1504, 1518 (9th Cir. 1996).

The Court finds that prejudice and undue delay weigh against the granting of plaintiff's motion. At the December 22, 2017 case management conference, the Court set the following dates: designation of experts by March 16, 2018; designation of rebuttal experts by March 30, 2018; discovery cutoff on April 13, 2018; last date to file dispositive motions by April 20, 2018; and a jury trial beginning on July 9, 2018. Pretrial Order. The Court specifically admonished plaintiff that if he wished to amend the complaint he must do so quickly so as not to affect the July trial date. *Id.* Plaintiff now seeks to file an amended complaint, to add some forty barriers to the two that plaintiff originally identified, after the designation of experts and the close of discovery, and with trial less than two months away. Such amendment would undoubtedly prejudice defendants, who received no prior notice that plaintiff intended to make such barriers a part of this case.

In *Oliver*, the Ninth Circuit affirmed the district court's decision not to consider barriers identified in an expert report that had not been alleged in the complaint. *Oliver*, 654 F.3d at 909. At summary judgment, the district court limited its analysis to the eighteen barriers identified in the complaint, and excluded consideration of seven additional barriers from the expert report that the plaintiff sought to add. *Id.* at 905-06. The appeals court affirmed, on the grounds that barriers

identified in an expert report but not in a complaint have not given a defendant fair notice as required by Federal Rule of Civil Procedure 8. *Id.* at 908-09. Plaintiff here may argue that *Oliver* is distinguishable because plaintiff is moving to amend the complaint to allege additional barriers, rather than identifying new barriers solely through the expert report. However, what plaintiff seeks to do here is effectively the same as what the plaintiff did in Oliver. Adding new barriers that plaintiff had not identified previously at such a late stage of the case deprives defendants of notice.[6] Plaintiff also claims that the process he proposes here, of amending the claim to allege additional barriers, was approved by the appeals court in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008). However, the *Oliver* court clarified that "*Doran* does not help Oliver, because it speaks only to constitutional standing; it sheds no light on what a plaintiff's complaint must include to comply with the fair notice requirement of Rule 8." *Oliver*, 654 F.3d at 909.

The Court is additionally concerned about plaintiff's undue delay in seeking leave to amend the complaint, particularly in light of the deadlines the Court set and the admonishment the Court gave plaintiffs in December 2017. Moreover, plaintiff does not dispute that he conducted site inspections of the Restaurant's premises as defendants argue—twice in 2016, before the filing of the complaint in this case, and again in June 2017 as part of this litigation. *See* Dkt. No. 46-1 (Orr. Decl.) ¶¶ 2-3. This district's General Order No. 56 anticipates additional barriers may be uncovered during the course of site inspections. For that reason, parties are ordered that "[n]o later than 105 days after filing the complaint, the parties and their counsel, accompanied by their experts if the parties so elect, shall meet in person at the subject premises" for a joint inspection. General Order No. 56 ¶ 3. Within twenty-eight days of the joint inspection, the parties are to meet and confer in person to "discuss *all* claimed access violations. Plaintiff *shall* specify *all* claimed access violations and the corrective actions requested of defendant." *Id.* ¶ 4 (emphases added).

---

[6] In fact, the *Oliver* plaintiff had stated at a May 14, 2008 conference that he intended to amend the complaint to allege additional barriers. The district court set a deadline of June 13, 2008 to the amend the pleadings, which the plaintiff missed. The plaintiff then sought on June 30 to amend the complaint, and the district court denied the motion. The plaintiff did not appeal that specific ruling. *Oliver*, 654 F.3d at 906 & n.8.

11

By his present motion, therefore, it appears that plaintiff failed to comply with the requirements of General Order No. 56.[7] Plaintiff has offered no explanation for his delay in identifying the additional barriers. Plaintiff's motion for leave to file a first amended complaint is DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' motion for summary judgment on plaintiff's ADA claim. The Court DENIES the parties' cross-motions for summary judgment on plaintiff's Unruh Act claim and DISMISSES that claim without prejudice. The Court further DENIES plaintiff's motion for leave to file a first amended complaint.

**IT IS SO ORDERED**.

Dated: May 11, 2018

SUSAN ILLSTON
United States District Judge

---

[7] Plaintiff also missed the deadline set by General Order No. 56 for the filing of a Notice of Need for Mediation. See General Order No. 56 ¶ 7. Under the scheduling order set in this case, that notice was due on August 2, 2017. *See* Dkt. No. 5. Plaintiff did not file the notice until August 31, 2017. Dkt. No. 17.